# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR CHARLES FOURSTAR, JR.,<br><br>   Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>   Defendant.<br>_____/ | Case No. 1:15-cv-1170-AWI-BAM (PC)<br><br>ORDER DENYING MOTION TO ALTER OR AMEND JUDGEMENT UNDER RULE 59(e)<br>(ECF No. 7)<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE SECOND NOTICE OF APPEAL<br>(ECF No. 8)<br><br>ORDER DIRECTING CLERK OF COURT TO PROCESS PLAINTIFF'S NOTICE OF APPEAL<br>(ECF No. 7)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SERVE COPY OF THIS ORDER ON NINTH CIRCUIT |

Plaintiff Victor Charles Fourstar, Jr., #07418-046, ("Plaintiff"), a federal prisoner proceeding pro se, filed this action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), on July 28, 2015.  On August 3, 2015, the Court determined that Plaintiff is subject to 28 U.S.C. § 1915(g), and dismissed this action without prejudice to re-filing accompanied by the $400 filing fee.  (ECF No. 4.) Judgement was entered on the same day.  (ECF No. 5.)

Currently before the Court are (1) Plaintiff's motion to alter or amend the judgment under Rule 59(e), (ECF No. 7); and (2) Plaintiff's motion for an extension of time to file a second notice of appeal, (ECF No. 8).  For the reasons that follow, both motions will be denied.

**I.      Motion to Alter or Amend Judgement**

Plaintiff seeks to alter or amend the judgment under to Rule 59(e).[1]  (ECF No. 7.)  Plaintiff also states in the motion that, in the alternative, the motion is a notice of appeal and a request for the certified record and transcripts to be ordered and provided to him at his expense.  (Id. at 1, 3.)

A Rule 59(e) motion is an extraordinary remedy that is to be used sparingly.  Wood v. Ryan, 759 F.3d 111, 1121 (9th Cir. 2015).  A Rule 59 motion may be granted if:  (1) the court is presented with newly discovered evidence; (2) the court committed clear error; or (3) there is an intervening change in the controlling law.  See id.  Here, Plaintiff has not shown that he is entitled to relief under Rule 59(e).

First, Plaintiff argues that he meets the imminent danger exception to 28 U.S.C. § 1915(g), because he is currently being denied proper medical and dental care at the Federal Correctional Institution in Marianna, Florida.  As noted in the Court's dismissal order, however, Plaintiff's complaint concerns events that occurred while he was housed at the United States Penitentiary in Atwater, California.  Allegations regarding Plaintiff's current conditions in Florida are irrelevant to the July 28, 2015, complaint dealing with events in California.  Once again, Plaintiff does not show he met the imminent danger exception at the time that he filed his complaint in July 2015.  See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2014) (the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious injury at the time his complaint was filed); Pettus v. Morgenthau, 554 F.3d 293, 298-99 (2d Cir. 2009) (requiring a nexus between the imminent danger faced and at least one of the causes of action alleged).

Second, Plaintiff argues that the Court improperly found the three-strikes provisions of 28

---

[1] Plaintiff's motion also states that he seeks an extension of time to file it, but this is unnecessary since his motion was timely filed.  Fed. R. Civ. P. 59(e) (a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment).

U.S.C. § 1915(g) applies to him.  However, in holding that Plaintiff is subject to the "three strikes" requirement, the Court made an independent assessment, took judicial notice of other cases filed by Plaintiff, and found that at least three cases had been properly dismissed because the cases failed to state a claim, were frivolous, or were malicious.  (ECF No. 4.)   Plaintiff is subject to 28 U.S.C. § 1915(g), and he has shown no error.

With regard to Plaintiff's request for copies, this request should be made directly to the Clerk's Office.  Copies of up to twenty pages may be made by the Clerk's Office upon written request, prepayment of the copy fees, and submission of a large, self-addressed stamped envelope.

Finally, although Plaintiff has not demonstrated sufficient grounds to alter or amend the judgment, he has indicated that the motion is also his notice of appeal.  Some courts have recognized that such "combination" filings can be effective notices of appeal, so long as the requirements of Federal Rule of Appellate Procedure 3(c) are met.  See Barrett v. United States, 105 F.3d 793, 795 (2d Cir. 1997); Hatfield v. Board of Cnty. Comm'rs, 52 F.3d 858, 861-62 (10th Cir. 1995).  Under *Barrett*, it appears that Plaintiff's Rule 59 motion/notice of appeal is sufficient for purposes of Federal Rule of Appellate Procedure 3.  Cf. Barrett, 105 F.3d at 795 (finding a combined filing was a sufficient notice of appeal where the filing was signed by the pro se plaintiff/appellant, the order in question was adequately discussed, and it was clear that the Second Circuit was the court to which an appeal would lie).  Accordingly, the Court will direct the Clerk to process the notice of appeal to the United States Court of Appeals for the Ninth Circuit.

**II.     Motion for Extension of Time to File Second Notice of Appeal**

In Plaintiff's most recent motion, he states that he requests an update, a court order to the Clerk to prepare the requested copies discussed above, and an extension of time to file a second notice of appeal.  (ECF No. 8.)  However, with the issuance of this order, no update is needed. Further, the Court has addressed Plaintiff's request for copies in the previous section.  Finally, Plaintiff's motion for an extension of time is unnecessary.  Plaintiff's Rule 59 motion was timely filed (28 days from the date his case was dismissed).  See Fed R. Civ. P. 59(e); Doc. Nos. 4, 5, 7. Since Plaintiff's Rule 59 motion was timely, the time in which to file a notice of appeal runs from

3

the date of the order that disposes of the Rule 59 motion. <u>See</u> Fed. R. App. P. 4(a)(4)(A)(iv). Because this order disposes of Plaintiff's Rule 59 motion, the time in which Plaintiff may file an appeal begins to run once this order is filed and served. Moreover, the Court is ordering the Clerk to process Plaintiff's prior motion (Doc. No. 7) as a notice of appeal. Therefore, there is no need to reopen a time period that never ran in the first place. Plaintiff's request to reopen the time period in which to file an appeal will be denied.

### III. Conclusion and Order

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to alter or amend the judgment under Rule 59(e), (ECF No. 7), is DENIED;
2. Plaintiff's motion to extend the time to file a notice of appeal, (ECF No. 8), is DENIED;
3. The Clerk of the Court is DIRECTED TO PROCESS Plaintiff's notice of appeal entered on September 1, 2015 (ECF No. 7); and
4. Following entry of the appeal, the Clerk shall serve a copy of this order on the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated:   June 1, 2016

SENIOR DISTRICT JUDGE